**547**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael W. TEAGUE, Defendant—Appellant.**

**No. 03–50425.**

**D.C. No. CR–02–00098–DOC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2006.

Decided Jan. 30, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

USSA—Office of the U.S. Attorney, Santa Ana, CA, Joseph D. Elford, San Francisco, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GOODWIN and FISHER, Circuit Judges.

## MEMORANDUM *

Defendant Michael Teague grew in excess of 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(b), and appeals his conviction and sentence. Teague challenges his conviction on due process grounds, claiming that the delay in the filing of his opening brief amounted to a due process violation. Teague also claims that his conviction should be vacated because (1) the prosecution of his case amounts to commandeering and (2) the Controlled Substances Act violates the Tenth Amendment. The government and Teague agree that Teague's sentence should be remanded pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005), to permit the district court judge to exercise discretion with respect to the term of supervised release. The conviction is affirmed and Teague's sentence is remanded pursuant to *Ameline.*

■ Teague's challenges to his conviction are without merit. Teague's due process claim fails because the delay in the filing of his opening appeal was not so extreme that it violated his due process rights. *United States v. Wilson,* 16 F.3d 1027, 1030 (9th Cir.1994). After filing a timely notice of appeal, there was a series

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of delays, including the court reporter requesting additional time to file transcripts, Teague's designation of six additional transcripts eight months after his original designation, and Teague's counsel's request to extend the briefing schedule pending the Supreme Court's decision in *Gonzales v. Raich,* —— U.S. ——, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). The delay did not violate Teague's due process rights because a significant portion of the appellate delay is attributable to Teague himself, and he has not demonstrated prejudice in the form of oppressive incarceration, extraordinary anxiety or concern, or impairment of the viability of his defense in case of retrial. *See United States v. Tucker,* 8 F.3d 673, 676 (9th Cir.1993) (en banc); *Wilson,* 16 F.3d at 1031.

■ Teague's commandeering and Tenth Amendment claims also fail. Teague argues that his conviction for a Controlled Substances Act violation should be vacated because the federal prosecution, in an effort to displace state police powers, commandeered state officials by using state evidence after the State of California declined to prosecute Teague. This argument is not supported by the record or by precedent. Furthermore, where Congress acts pursuant to an enumerated power, it cannot run afoul of the Tenth Amendment. *United States v. Jones,* 231 F.3d 508, 516 (9th Cir.2000); *see Gonzales v. Raich,* —— U.S. ——, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (Controlled Substances Act is a valid exercise of Congress' Commerce Clause power).

Teague's sentence must be remanded pursuant to *Ameline.* Following a bench trial based on stipulated facts, Teague was sentenced to 18 months imprisonment followed by a four-year term of supervised release. To calculate this sentence, the district court concluded that the "safety valve" applied because Teague had no criminal history and the firearm found in Teague's home was not possessed in connection with the offense. The district court properly applied U.S.S.G. § 5C1.2(b) and then sentenced Teague to a prison term at the bottom of the range in recognition of some "confusion and schism" between federal and state marijuana laws. The district court sentenced Teague to a four-year term of supervised release, recommended as mandatory in his pre-sentence report. At the time of sentencing, neither party advised the district court that it could exercise discretion with respect to the term of supervised release.

■ The record in this case indicates that the district court may have mistakenly assumed the four-year supervised release term calculated in the pre-sentence report was mandatory. The Sentencing Guidelines state that a finding that a defendant satisfied the "safety valve" criteria exempts the defendant not only from the statutory minimum term of *imprisonment,* but also from any statutory minimum term of *supervised release.* U.S.S.G. § 5C1.2, cmt. n. 9 (emphasis added). The government agrees that a limited remand pursuant to Ameline is appropriate to permit the district court to exercise its discretion with respect to Teague's term of supervised release.

**REMANDED.**